OHIO REAL ESTATE COMM., APPELLEE, *v.* THOMAS, APPELLANT.

[Cite as Ohio Real Estate Comm. v. Thomas, 7 Ohio App. 2d 93.]

(No. 627—Decided June 8, 1966.)

*Mr. William B. Saxbe,* attorney general, and *Mr. James D. Newcomer,* for appellee.

*Messrs. Worman, Simpson & Falknor,* for appellant.

CRAWFORD, J. This is an appeal from a judgment of the Court of Common Pleas affirming an order of the Ohio Real Estate Commission suspending appellant-broker's license for a period of ninety days.

The order was based upon a finding of the commission, following notice and hearing:

"That the licensee is guilty of a violation of Subparagraph

S, Section 4735.18, Revised Code [having negotiated the sale, exchange, or lease of any real property directly with an owner or lessor knowing that such owner or lessor had a written outstanding contract granting exclusive agency in connection with such property to another real estate broker], by having negotiated the sale, on land contract, of the Gladys Martin property on Bellefontaine Road, New Carlisle, Ohio, to McDonald directly with Martin's Attorney-in-Fact while knowing that the Martin property was the subject of a written outstanding contract which granted exclusive agency to the John J. Kaiser Realty organization, which organization was a real estate broker.''

There is no dispute as to the essential facts. Appellant, Harold R. Thomas, was employed by John J. Kaiser Realty as a real estate salesman, and in that capacity secured on August 1, 1962, a listing agreement from Gladys E. Martin, owner of certain real estate, such agreement to continue for the period of three months ending November 1, 1962.

On August 2, 1962, appellant obtained from the W. A. Ewing Company a written offer from Harold McDonald to purchase Gladys E. Martin's premises, the offer being contingent upon McDonald's ability to secure certain financing. On November 19, 1962, the financing was refused.

On or about September 26, 1962, appellant, Harold R. Thomas, obtained his license as a real estate broker.

On December 6, 1962, appellant secured an offer from Harold McDonald to purchase Mrs. Martin's property and, on the same date, secured an acceptance of the offer by Mrs. Martin through her daughter and agent, and the sale was consummated on January 19, 1963.

The crux of the case is to be found in the following language contained in the listing agreement of August 1 between Gladys E. Martin, owner, and John J. Kaiser Realty (for which appellant then acted as agent):

''It is further agreed that you [the realtor] shall be entitled to your commission if the property * * * is sold within ninety days after the period of this agency to anyone with whom you have negotiated with respect to a sale during the period of this agency and of whom I have notice or knowledge.''

During such ninety-day period this provision remained in effect and was an important integral part of a ''written out-

standing contract granting exclusive agency in connection with such property.''

Hence, the order appealed from is supported by reliable, probative and substantial evidence and is in accordance with law. Section 119.12, Revised Code. The Court of Common Pleas properly affirmed the order.

The judgment of the Court of Common Pleas will be, and hereby is, affirmed.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.